UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRACI JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>MINDLANCE, INC. and HARLEY DAVIDSON, jointly and severally,<br><br>Defendants. | Case No.<br><br>Hon.<br>United States District Judge |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

1. Traci Jordan, by and through her attorneys, Pitt McGehee Palmer Bonanni & Rivers PC, brings this action for wrongful discharge and civil rights violations against Defendants Mindlance, Inc. and Harley Davidson (collectively "Defendants"), under the Pregnancy Discrimination Act ("PDA") amending Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e *et seq*, Pregnant Workers' Fairness Act ("PWFA"), 42 U.S.C. § 2000gg *et seq,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*., the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq,* Michigan's Persons with Disabilities Civil Rights Act ("PDCRA") MCL 37.1201 *et seq*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") , MCL 37.2101 *et seq* and states as follows:

1

## Parties, Jurisdiction, and Venue

1. Plaintiff Traci Jordan ("Ms. Jordan" or "Plaintiff") is a single mother and former employee of Defendants and current resident of Macomb County, Michigan.

2. Defendant Mindlance, Inc. is a staffing agency headquartered in Union, New Jersey that transacts business and performs services in the State of Michigan.

3. Defendant Harley Davidson is a Wisconsin corporation located in Milwaukee, Wisconsin and transacts business and performs services in the State of Michigan.

4. The jurisdiction of this Court over this controversy is based on 28 U.S.C. §1331, to enforce the provisions of Title VII, PWFA, ADA, and FMLA.

5. This Court also has supplemental jurisdiction pursuant to 28 USC § 1367 to address claims brought under the PDCRA and ELCRA, because they are so related to the federal law claims that they form part of the same case or controversy.

6. Venue is proper in the Eastern District of Michigan because the events giving rise to this cause of action occurred in this district and all parties reside in or operate within this judicial district.

### FACTUAL ALLEGATIONS
### March 2022: Ms. Jordan Begins Working for Co-Employers Harley Davidson and Mindlance Inc.

7. On or about March of 2022, Plaintiff Traci Jordan began working for

co-employer Defendant Harley Davidson, through a staffing agency – co-employer Defendant Mindlance, Inc. – as a Dealer Services Representative.

8.  As a Dealer Services Representative, Ms. Jordan worked remotely from her home in Macomb County, utilizing a computer and e-mail address provided by Harley Davidson, coordinating with dealerships with regards to parts availability, warranty issues, and customer complaints, performing work integral to Harley Davidson's business.

9.  As a Dealer Services Representative, Ms. Jordan reported to Harley Davidson Team Lead Dennis Bublitz ("Bublitz") and Mindlance Inc.'s Employee Relations Specialist, Harish Singh ("Singh").

10. Ms. Jordan received praise from her supervisors and peers at Harley Davidson and never received any poor performance reviews or disciplinary write-ups.

**July 2023 – December 2023: Ms. Jordan Discovers She is Pregnant and Suffers Serious Complications Requiring Hospitalization**

11. On or about July of 2023, Ms. Jordan discovered that she was pregnant with her third child.

12. Unfortunately, Ms. Jordan's pregnancy was fraught with complications, requiring frequent medical treatment, which Ms. Jordan kept her employers updated on:

3

### a. August 16, 2023 – August 17, 2023

13. On August 16, 2023, Ms. Jordan was hospitalized for hemorrhaging, causing her heavy bleeding.

14. On August 17, 2023, Ms. Jordan e-mailed Singh and Bublitz, attaching a note from her physician, advising that she had been hospitalized the preceding day and was directed to stay home that day, by her physician.

15. That same day, she completed a sick time entry identifying that she would be treating with her physician on August 21, 2023 and provided the completed entry to Singh.

### b. August 21, 2023

16. On August 21, 2023, Ms. Jordan treated with her physician and subsequently provided a note from her physician to Singh.

### c. August 30, 2023 – August 31, 2023

17. On August 30, 2023, Ms. Jordan treated with her physician and provided a note from her physician to Harleen Kaur at Mindlance, which stated that she had been seen that day and had another appointment the following day, August 31, 2023.

18. Ms. Jordan also apprised Bublitz of her medical appointments.

### d. September 19, 2023 – September 24, 2023

19. Ms. Jordan was hospitalized again from September 19, 2023 to September 24, 2023 for hemorrhaging and high blood pressure.

20. Again, Ms. Jordan notified Singh that she was unable to work due to her hospitalization.

21. Singh responded to Ms. Jordan's communication confirming that her "team" had "been informed as well."

22. On September 26, 2023, Ms. Jordan followed up these communications with an e-mail to Singh for paid sick leave, identifying that she had been hospitalized from September 19, 2023 to September 22, 2023.

23. Ms. Jordan continued to regularly treat with her physician for her pregnancy and provided routine notes from her physician to Singh and Bublitz.

**December 7, 2023: Ms. Jordan Disclosed Her Pregnancy and Requested Leave**

24. On December 7, 2023, Ms. Jordan informed Singh that she was pregnant and would need maternity leave in February of 2024.

25. On December 19, 2023, Ms. Jordan underwent a routine ultrasound and was diagnosed with preeclampsia, making her pregnancy high-risk.

26. Ms. Jordan's physician placed her on bedrest and kept her at the hospital.

27. Ms. Jordan promptly notified Singh and Bublitz of her need for medical leave.

28. On December 19, 2023, Mindlance Human Resources Generalist Pashmeet Arora ("Arora") e-mailed Ms. Jordan with information for leave under the Family and Medical Leave Act.

29. On December 20, 2023, Ms. Jordan responded to Arora stating: "I'm in the hospital now so I will need [to] fill the form out digitally. Does Mindlance offer paid leave?"

### December 21, 2023: Ms. Jordan is Terminated Because of Her Pregnancy and Disability and Need for Accommodation.

30. On December 21, 2023, and while Ms. Jordan was still being hospitalized, Singh sent Ms. Jordan a text message terminating her employment directly citing Ms. Jordan's pregnancy-related absences as the reason for her termination, stating: "Yess the assignment ended because of being absent from work and affecting productivity."

31. Singh clarified via e-mails that Ms. Jordan's employment with both Harley Davidson and Mindlance, Inc. was terminated.

32. Ms. Jordan e-mailed Arora in distress stating, ". . . I'm confused on how FMLA has turned into termination."

33. Ms. Jordan's termination was incredibly distressing to her as a pregnant, single mother of three young children.

6

34. The following day, on December 22, 2023, Ms. Jordan went into premature labor and gave birth to her daughter at just 28 weeks.

## COUNT I
## VIOLATION OF THE PREGNANCY DISCRIMINATION ACT OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Gender and Pregnancy Discrimination)

35. Plaintiff incorporates the foregoing allegations by reference as though stated in full herein.

36. At all times relevant hereto, Plaintiff was an employee and Defendants were employers under the Pregnancy Discrimination Act amending Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*

37. At all times relevant to this action, Defendants were prohibited under the PDA from making any employment decisions regarding Plaintiff which was motivated by Plaintiff's gender and pregnancy.

38. In violation of this duty, Plaintiff was terminated because of her gender and pregnancy.

39. The reasons given for Plaintiff's termination were pretextual in nature.

40. As a direct and approximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer physical injury, mental anguish, humiliation, embarrassment, and emotional distress, and pain and suffering resulting from the discriminatory and retaliatory conduct of the Defendants.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position.

B. An order awarding Plaintiff compensation in an amount she is found to be entitled to.

C. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under Title VII.

D. An order awarding Plaintiff punitive damages as provided for under Title VII.

E. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT II
## VIOLATIONS OF THE PREGNANCY WORKERS' FAIRNESS ACT
**(Failure to Accommodate and Retaliation)**

41. Plaintiff incorporates the foregoing allegations by reference as though stated in full herein.

42. At all times relevant hereto, Plaintiff was an employee and Defendants were employers under the Pregnancy Workers' Fairness Act ("PWFA"), 42 U.S.C. § 2000gg *et seq.*

### Failure to Accommodate

43. At all times relevant to this action, Plaintiff was a qualified individual with known limitations related to, affected by, or arising out of pregnancy pursuant to the PWFA, including but not limited to hemorrhaging and preeclampsia.

44. The PWFA requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

45. At all times relevant hereto, Defendants had a duty under the PWFA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship. Defendants' duty to accommodate Plaintiff includes, but is not limited to, providing Plaintiff with medical leave.

46. Notwithstanding these duties, Defendants failed to engage in a meaningful interactive process with Plaintiff with regard to appropriate reasonable accommodations and otherwise failed to provide reasonable accommodation.

47. At all times relevant hereto, Defendants could have accommodated Plaintiff's pregnancy-related disability without suffering an undue hardship.

## Retaliation

48. At all times relevant hereto, Defendants had a duty not to retaliate against Plaintiff with respect to her employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for her requesting and/or requiring accommodation.

49. Notwithstanding said duties as set forth above, Defendants retaliated against Plaintiff for requesting and/or requiring accommodation when it terminated her employment.

50. As a direct and approximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer physical injury, mental anguish, humiliation, embarrassment, and emotional distress, and pain and suffering resulting from the discriminatory and retaliatory conduct of the Defendants.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position.

B. An order awarding Plaintiff compensation in an amount she is found to be entitled to.

C. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the PWFA.

D. An order awarding Plaintiff punitive damages as provided for under the PWFA.

E. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT III
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### (Disability Discrimination, Failure to Accommodate, and Retaliation)

51. Plaintiff incorporates the foregoing allegations by reference as though stated in full herein.

52. At all times relevant hereto, Plaintiff was an employee and Defendants were employers under the ADA. 42 U.S.C. § 12111.

### Disability Discrimination

53. The ADA makes it unlawful for an employer to discriminate against a qualified individual because the individual has a disability, a record of a disability, or because the employer regards the individual as disabled.

54. At all times relevant to this action, Plaintiff was a qualified individual with a disability pursuant to 42 U.S.C. §12111(8) who, with or without accommodation, could perform the essential functions of her position.

55. Plaintiff was an individual with a disability within the meaning of 42 U.S.C. §12102, in that she had a physical impairment that substantially limits one or more of her major life activities, who with or without accommodation could perform the essential functions of her job with Defendants, and/or Plaintiff had a record of such a disability, and/or was regarded by Defendants as having such a disability.

56. Notwithstanding said duties as set forth above, Defendants discriminated against Plaintiff because of her disability and/or because it regarded

11

Plaintiff as disabled and/or because Plaintiff had a history of a disability when it terminated Plaintiff's employment.

### Failure to Accommodate

57. The ADA further requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

58. At all times relevant hereto, Defendants had a duty under the ADA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship. Defendants' duty to accommodate Plaintiff includes, but is not limited to, providing Plaintiff with medical leave.

59. At all times relevant hereto, Defendants could have accommodated Plaintiff's disability without suffering an undue hardship.

### Retaliation

60. At all times relevant hereto, Defendants had a duty not to retaliate against Plaintiff with respect to her employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for her requesting and/or requiring accommodation.

61.     Notwithstanding said duties as set forth above, Defendants retaliated against Plaintiff for requesting and/or requiring accommodation when it terminated her employment.

62.     As a direct and approximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer physical injury, mental anguish, humiliation, embarrassment, and emotional distress, and pain and suffering resulting from the discriminatory and retaliatory conduct of the Defendants.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position.

B. An order awarding Plaintiff compensation in an amount she is found to be entitled to.

C. An order awarding Plaintiff punitive damages as provided for under the ADA.

D. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ADA.

E. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT IV
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT
### (Interference and Retaliation)

63.     Plaintiff incorporates the foregoing allegations by reference as though stated in full herein.

64. At all times relevant hereto, Plaintiff was an employee and Defendants were employers within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

65. Plaintiff fell within the protection of the FMLA as a person with a serious health condition. 29 U.S.C. §2612(a)(1)(C).

66. At all times relevant hereto, Plaintiff suffered from a serious health condition in that she had a physical condition that required continuing treatment from a healthcare provider.

67. Under the FMLA, Defendants had an obligation to provide Plaintiff with up to 12 weeks of continuous or intermittent leave for a serious health condition which rendered Plaintiff unable to perform the functions of her position.

68. In addition, Defendants were prohibited under the FMLA from retaliating against Plaintiff for requesting and/or requiring FMLA leave.

69. Notwithstanding said duties as set forth above, Defendants willfully violated the FMLA by terminating Plaintiff's employment upon notice that she requested and/or required leave under the Act.

70. As a direct and approximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer physical injury, mental

anguish, humiliation, embarrassment, and emotional distress, and pain and suffering resulting from the discriminatory and retaliatory conduct of the Defendants.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position.

B. An order awarding Plaintiff compensation in an amount she is found to be entitled to.

C. An order awarding Plaintiff liquidated damages as provided for under the FMLA.

D. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the FMLA.

E. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT V
## VIOLATIONS OF PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### (Disability Discrimination, Failure to Accommodate, and Retaliation)

71. Plaintiff incorporates the foregoing allegations by reference as though stated in full herein.

72. At all times relevant hereto, Plaintiff was an employee and Defendants were employers under the PDCRA, MCL 37.1201 *et seq.*

### Disability Discrimination

73. The PDCRA makes it unlawful for an employer to discriminate against a qualified individual because the individual has a disability, a record of a disability, or because the employer regards the individual as disabled.

74. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the PDCRA in that she had a physical impairment that substantially limits one or more of her major life activities, who with or without accommodation could perform the essential functions of her job with Defendants, and/or Plaintiff had a record of such a disability, and/or was regarded by Defendants as having such a disability.

75. Notwithstanding said duties as set forth above, Defendants discriminated against Plaintiff because of her disability and/or because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability when it terminated Plaintiff's employment.

### Failure to Accommodate

76. The PDCRA further requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

77. At all times relevant hereto, Defendants had a duty under the PDCRA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship. Defendants' duty to accommodate Plaintiff includes, but is not limited to, providing Plaintiff with medical leave.

78. At all times relevant hereto, Defendants could have accommodated Plaintiff's disability without suffering an undue hardship.

### Retaliation

79. At all times relevant hereto, Defendants had a duty not to retaliate against Plaintiff with respect to her employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for her requesting and/or requiring accommodation.

80. Notwithstanding said duties as set forth above, Defendants retaliated against Plaintiff for requesting and/or requiring accommodation when it terminated her employment.

81. As a direct and approximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer physical injury, mental anguish, humiliation, embarrassment, and emotional distress, and pain and suffering resulting from the discriminatory and retaliatory conduct of the Defendants.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position.

B. An order awarding Plaintiff compensation in an amount she is found to be entitled to.

C. An order awarding Plaintiff liquidated damages as provided for under the PDCRA.

    D. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the PDCRA.

    E. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT VI
## VIOLATIONS OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
### (Gender and Pregnancy Discrimination)

82. Plaintiff incorporates the foregoing allegations by reference as though stated in full herein.

83. At all times relevant hereto, Plaintiff was an employee and Defendants were employers under the ELCRA, MCL 37.2101 *et seq*.

84. At all times relevant to this action, Defendants were prohibited under the ELCRA from making any employment decisions regarding Plaintiff which was motivated by Plaintiff's gender and pregnancy.

85. In violation of this duty, Plaintiff was terminated because of her gender and pregnancy.

86. The reasons given for Plaintiff's termination were pretextual in nature.

87. As a direct and approximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer physical injury, mental anguish, humiliation, embarrassment, and emotional distress, and pain and suffering resulting from the discriminatory and retaliatory conduct of the Defendants.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position.

B. An order awarding Plaintiff compensation in an amount she is found to be entitled to.

C. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ELCRA.

D. An order granting Plaintiff such other relief as the court deems just and equitable.

                Respectfully submitted,

                Pitt McGehee Palmer Bonanni & Rivers PC


By:  s/ Channing Robinson-Holmes
      Channing Robinson-Holmes (P81698)
      Megan A. Bonanni (P52079)
      Attorneys for Plaintiff
      117 W. 4th Street, Ste. 200
      Royal Oak, MI 48067
      (248) 398-9800
      crobinson@pittlawpc.com
      mbonanni@pittlawpc.com

Dated: April 8, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRACI JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>MINDLANCE, INC. and HARLEY DAVIDSON, jointly and severally,<br><br>Defendants. | Case No.<br><br>Hon.<br>United States District Judge |

## **JURY DEMAND**

Plaintiff Traci Jordan hereby respectfully requests that this matter be tried before a jury.

                                      Respectfully submitted,

                                      Pitt McGehee Palmer Bonanni & Rivers PC

                              By: s/ Channing Robinson-Holmes
                                      Channing Robinson-Holmes (P81698)
                                      Megan A. Bonanni (P52079)
                                      Attorneys for Plaintiff
                                      117 W. 4th Street, Ste. 200
                                      Royal Oak, MI 48067
                                      (248) 398-9800
                                      crobinson@pittlawpc.com
                                      mbonanni@pittlawpc.com

Dated: April 8, 2025